IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OLIVIA DUTTON and KEVIN SMITH, | CIVIL ACTION |
| Plaintiffs, | FILED ELECTRONICALLY ON SEPTEMBER 24, 2026 |
| v. | |
| PVL LLC (d.b.a. Puck & Pint Gastropub), | ARBITRATION-ELIGIBLE |
| Defendant. | |

**COMPLAINT**

Olivia Dutton ("Dutton") and Kevin Smith ("Smith") (together "Plaintiffs") bring this lawsuit against PVL LLC ("Defendant"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq*.

**JURISDICTION AND VENUE**

1. Jurisdiction over the FLSA claim is proper per 28 U.S.C. § 1331.

2. Jurisdiction over the PMWA claim is proper per 28 U.S.C. § 1367.

3. Venue in this Court is proper per 28 U.S.C. § 1391.

**PARTIES**

4. Plaintiffs live in Brookhaven, PA ("Delaware County").

5. Defendant is a corporate entity that, according to the Pennsylvania Department of State database and the paystubs issued to Plaintiffs, maintains a principal place of business at 3100 Dutton Mill Road, Aston, PA 19014 (Delaware County).

6. Plaintiffs are employees covered by the FLSA and PMWA.

7. Defendant is an employer covered by the FLSA and PMWA.

**FACTS**

8. Defendant operates (and, possibly, owns) the Puck & Pint Gastropub located at the IceWorks Skating Complex in Aston, PA. *See generally* https://iceworks.net/iw-puck-and-pint/ (last viewed 9/24/26). Previously, this business was called the Pub & Grill at IceWorks. Regardless of the name, we'll refer to Defendant's business as "the restaurant."

9. Defendant employed Plaintiffs at the restaurant. Specifically, Defendant: **(i)** employed Dutton at the restaurant at various times between around January 2022 and around May 2026 and **(ii)** employed Smith at the restaurant at various times between around December 2019 and around May 2026.

10. Defendant paid Plaintiffs an hourly wage. Specifically, Dutton most recently earned an hourly wage of $17.00, while Smith most recently earned an hourly wage of $19.00.

11. Plaintiffs regularly worked over 40 hours per week. For example, during the two-week pay period ending on November 17, 2024, Defendant credited Dutton with working 110.45 hours and credited Smith with working 103.18 hours.

12. Defendant generally did not pay Plaintiffs overtime premium wages for hours worked over 40 per week. Rather, Defendant generally paid Plaintiffs at their straight-time rate for *all* weekly work hours, including those exceeding the 40-hour threshold.

13. In failing to pay Plaintiffs overtime premium wages for hours worked over 40 per week, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions and, as such, willfully violated the FLSA.

**COUNT I – FLSA**

14. The FLSA requires that employees receive overtime premium compensation "not less than one and one-half times" their regular pay rate for hours worked over 40 per week. *See*

29 U.S.C. § 207(a)(1).

15. In failing to pay Plaintiffs overtime premium wages for hours worked over 40 per week, Defendant willfully violated the FLSA.

## **COUNT II – PMWA**

16. The PMWA requires that employees receive overtime premium compensation "not less than one and one-half times" the employee's regular pay rate for hours worked over 40 per week. *See* 43 P.S. § 333.104(c).

17. In failing to pay Plaintiffs overtime premium wages for hours worked over 40 per week, Defendant violated the PMWA.

## **PRAYER FOR RELIEF**

Plaintiffs seek the following relief: **(i)** unpaid overtime wages; **(ii)** prejudgment interest; **(iii)** liquidated damages (under FLSA only); **(iv)** reasonable litigation costs and attorneys' fees; and **(v)** any other relief the Court deems just and proper.

Date: September 24, 2026

Respectfully,



Peter Winebrake
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491
pwinebrake@winebrakelaw.com